UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GERALD ALLEN COWLES,

                        Petitioner,

        v.

UNNAMED RESPONDET ,

                        Respondent.

CASE NO. 2:26-cv-00164-RSM-BAT

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner at the Washington State Penitentiary, filed a § 2241 habeas petition requesting the Court order he be transferred from state custody and placed into federal custody to serve the remainder of the sentence imposed in *United States v. Cowles*, 2:21-cr-00022-JCC. Because Petitioner did not pay the filing fee or apply to proceed *in forma pauperis* (IFP), the clerk advised Petitioner to pay the filing fee by February 17, 2026 or the case will be dismissed. Petitioner has not responded. For the following reasons, the Court recommends **DENYING** the habeas petition and **DISMISSING** the case.

## BACKGROUND

Taking notice of the Court's own records, the Court finds in February, 2021, the grand jury returned an indictment charging Petitioner and three codefendants in *United States v. Cowles*, 2:21-cr-00022-JCC. The codefendants were arrested, convicted and sentenced between

REPORT AND RECOMMENDATION - 1

2021 and 2022. However, Petitioner had been arrested in 2020 and charged in King County Superior Court with Hit and Run Accidental Death, Vehicular Homicide and firearm possession. In the King County Superior Court, Petitioner was convicted and sentenced to 170 months for the first charge, 101.5 months for the second and 66 months for the third, all to run concurrently. As Petitioner had been and was still in state custody, on June 6, 2023, the United States moved the Court to issue a writ of habeas corpus *ad prosequendum* directing authorities at the Washington State Penitentiary to produce Petitioner at the United State Courthouse, and directing he be returned to state custody upon conclusion of his federal criminal proceedings. *See United States v. Cowles*, 2:21-cr-00022-JCC, Dkt. 115-116.

Pursuant to the writ, on June 27, 2023 Plaintiff made his first appearance; on August 14, 2023, pleaded guilty to Bank Fraud as charged in count eight of the indictment and aggravated identity theft as charged in count 15. On February 20, 2024, the Honorable John C. Coughenour imposed "twenty-four (24) months [of imprisonment] plus one day to be served consecutive to all sentences." The judgment also states: "[t]he Court makes the following recommendations to the Bureau of Prisons: Placement at Sheridan Placement in RDAP Service of federal sentence before state sentence." Dkt. 167.

On January 2, 2026, Petitioner filed a 28 U.S.C. § 2241 petition for writ of habeas corpus in the Eastern District of Washington. The petition was transferred to this Court and assigned on January 16, 2026. In his § 2241 petition, Petitioner states he is not challenging his conviction. Rather he states he had been in federal custody for 13 months at the time of sentencing and he "needs to get back to federal custody so [he] can serve [his federal] time there like the judge imposed."

REPORT AND RECOMMENDATION - 2

**DISCUSSION**

Petitioner correctly states that when he was sentenced in this Court, the sentencing judge recommended the federal sentence be served before "before state sentence."  This recommendation is not grounds for the relief Petitioner requests.

First, the recommendation was to Federal Bureau of Prisons (BOP), only. The Washington Department of Corrections has no obligation to take any action as the Court made no recommendation that it do so. Second, a judicial recommendation is not a binding order that obligates the BOP to take custody of Petitioner so he can serve his federal sentence first. A judicial recommendation is only one factor the BOP considers in determining a prisoner's placement and has "no binding effect" on the BOP to determine or change a prisoner's placement. 18 U.S.C. § 3621(b).

Second, the primary jurisdiction doctrine precludes relief. Primary jurisdiction is a doctrine which accommodates "the need for comity between state and federal authorities with respect to managing defendants who are subject to both state and federal criminal prosecutions and sentences." *Johnson v. Gill*, 883 F.3d 756, 761 (9th Cir.), *cert. denied* sub nom. J*ohnson v. Copenhaver*, 139 S. Ct. 251 (2018), citing *Ponzi v. Fessenden*, 258 U.S. 254, 259 (1922). "[T]he first sovereign to arrest a defendant obtains primary jurisdiction over him as against other sovereigns." *Id.* at 761-62, *citing Ponzi*, 258 U.S. at 260.

The record shows the State of Washington obtained primary jurisdiction over Petitioner when he was arrested by state law enforcement in 2020, charged, convicted, and sentenced in the King County Superior Court to many years of imprisonment, and was serving the state sentence in a state prison before ever appearing in this Court. The State of Washington thus acquired the right to enforce its sentence before the United States. *See, e.g., Taylor v. Reno*, 164 F.3d 440, 444

REPORT AND RECOMMENDATION - 3

(9th Cir. 1998); *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir. 1980).

When Petitioner was transferred from the Washington State Penitentiary to face federal charges in this Court, primary jurisdiction was not transferred to the United States or to this Court. The Court issued a writ of habeas corpus *ad prosequendum* which is a mechanism that allows the State of Washington to temporarily transfer a prisoner from one sovereign to another. *See Johnson v. Gill*, 883 F.3d at 768.

A federal sentence does not begin when a defendant is produced for federal prosecution by a writ of habeas corpus *ad prosequendum* from state custody. *Thomas v. Brewer*, 923 F.2d 1361 (9th Cir. 1991); *Thomas v. Whalen*, 962 F.2d 358 (4th Cir. 1992). A federal sentence does not start to run until the state authorities relinquish the prisoner on satisfaction of the state obligation. *Del Guzzi v. United States*, 980 F.2d 1269, 1271 (9th Cir. 1992).

In short, Washington State has primary jurisdiction over Petitioner and did not relinquish such jurisdiction when it agreed to temporarily transfer Petitioner from a state prison where he was serving a state sentence to a federal court to face pending federal charges. As the state has primary jurisdiction, there is no basis to order Petitioner be transferred back to federal detention so he can serve his federal sentence first.

The Court accordingly recommends:

1.    **DENYING** the habeas petition and **DISMISSING** the case with prejudice.

**2.**    If this recommendation is not adopted, the Court recommends Petitioner be denied and dismissed without prejudice for failure to pay the filing fee or submit a sufficient application to proceed *in forma pauperis*.

REPORT AND RECOMMENDATION - 4

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, Petitioner shall not file a notice of appeal in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case. Objections may be filed no later than **March 5, 2026.** The Clerk shall note the matter for **March 6, 2026**, as ready for the District Judge's consideration.

The failure to timely object may affect the right to appeal.

DATED this 19th day of February, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5